IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TECHSEARCH L.L.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 00 C 4623 |
| v. ) | |
| ) | |
| INTERNET ENTERTAINMENT ) | Honorable Charles P. Kocoras |
| GROUP, INC., ED NAPLETON ) | Mag.-Judge Geraldine Brown |
| ACURA, GREGORY AHARONIAN and ) | |
| THE GREEN BAY PACKERS, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO REINSTATE

Global Patent Holdings LLC, the successor in interest to plaintiff Techsearch, L.L.C, moves the Court to reinstate this action based upon a decision of the United States Board of Patent Appeals And Interferences finding patentable claim 17 of United States Patent No. 5,235,341 (Exhibit A). The '341 patent then was confirmed on July 24, 2007 more than seven years after the reexamination began. On June 30, 2003, this Court dismissed the above-captioned Civil Action with leave to reinstate if the Patent Board of Appeals and Interferences allowed any claim of the '341 patent after reexamination ("The complaint is dismissed with leave to reinstate should TechSearch succeed at the Board of Patent Appeals and Interferences") (Exhibit B, Docket No. 40). The condition for reinstatement has now occurred after seven years of reexamination, which effectively used more than 40% of the patent's 17-year term. During the seven-year reexamination process, office actions, amendments and arguments totaling over 5,400 pages occurred, as did the citation and consideration of over 216 separate items of prior art amounting to over 4200 pages of patents and printed publications. The reexamination began on June 9, 2000 with a single

item of prior art cited by an anonymous requester (Exhibit A, n.2). From that simple beginning came one of the most exhaustive reexaminations of a United States patent ever conducted. Yet, in the end, the patent survived with a single, but very important, claim.

On January 25, 2005 (during the fourth year of reexamination), TechSearch (which was a subsidiary of Global Patent Holdings) assigned the '341 patent to its parent, Global Patent Holdings (Exhibit B). Global Patent Holdings, therefore, has now succeeded to TechSearch's interest and should properly become the party plaintiff. In turn, the defendants have changed: Internet Entertainment should be dropped from the case because it appears to longer exist as a viable entity; Gregory Arahonian should be dropped because, as an individual, he is using his web site for personal, not commercial, purposes, even though his conduct remains an infringement. That leaves only the commercial infringers Green Bay Packers and Ed Napleton Acura as original defendants and new infringing defendants: Apple, Inc., Orbitz Worldwide, Inc., Peapod, LLC, OfficeMax Inc., Caterpillar Inc. and Kraft Foods Inc.

Before much trial preparation could be accomplished in this case, the '341 patent was brought into reexamination so the case itself remains at an early stage. Further, the exhaustive nature of the reexamination and simple criteria for infringement explained in the Board's decision (Exhibit A, pp. 64-65) makes the case quite straightforward and easy to prepare for trial.

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." And the Supreme Court has held that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 181 (1962). The Seventh Circuit also adheres to these guidelines. See, Barry Aviation Inc. v. Land O'Lakes, et al., 377 F.3d 682, 687 (7th Cir. 2004) ("[T]he

leave sought should, as the rules require, be freely given.'"); Bisciglia v. Kenosha Unified School District, 45 F.3d 223, 230 (7th Cir. 1995); see also Mia v. Potter, 2006 U.S. Dist. LEXIS 63174, at *5-7 (N.D. Ill. 2006 (Kocoras J.)

Here, of course, the prior dismissal was expressly conditioned on a reinstatement if the patent survived reexamination, which it did.

For the reasons stated, it is respectfully requested that this Civil Action be reinstated and that leave to amend be granted. A copy of a proposed Amended Complaint is attached as Exhibit C.

Respectfully submitted,

/s/ Raymond P. Niro
Raymond P. Niro
Arthur A. Gasey
Douglas M. Hall
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Attorneys for TechSearch L.L.C.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION TO REINSTATE** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

> Alan M. Fisch
> Kay Scholer LLP
> The McPherson Building, 901 Fifteenth St., N.W.
> Washington, D.C. 20005-2327
> (202) 682-3600
> afisch@kayescholer.com
>
> Richard Allen Schnurr
> Ice Miller LLP
> 200 West Madison, Suite 3500
> Chicago, Illinois 60606-3417
> (312) 726-1567
> Fax: (312) 726-7102
> richard.schnurr@icemiller.com
> **Counsel for Gregory Aharonian**
>
> Jonathan F. Putnam
> Kirkland & Ellis
> 153 East 53rd Street, 40th Floor
> New York, New York 10022
> (212) 446-4800
> jputnam@kirkland.com
> **Counsel for Green Bay Packers**

and by Federal Express upon:

> Ed Napleton Acura
> c/o David B. Sosin, Reg. Agent
> 11800 S. 75th Avenue, #300
> Palos Heights, Illinois 60463

on this 10th day of September 2007.

/s/ Raymond P. Niro