UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLOBAL PATENT HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 4623 |
| | ) | |
| GREEN BAY PACKERS, INC., | ) | |
| NAPLETON ELMHURST IMPORTS, INC., | ) | |
| d/b/a ED NAPLETON ACURA, ORBITZ | ) | |
| WORLDWIDE, INC., PEAPOD, LLC, | ) | |
| OFFICEMAX INC. and CATERPILLAR INC., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

    This matter comes before the court on two motions filed by the parties. In the first, Plaintiff Global Patent Holdings, LLC ("Global Patent") seeks reassignment of another case to this court pursuant to Local Rule 40.4 on the basis that it is related to the instant case. The second is a motion by Defendants Green Bay Packers, Inc.; Napleton Elmhurst Imports, Inc.; Orbitz Worldwide, Inc.; Peapod, LLC; OfficeMax, Inc.; and Caterpillar, Inc. to stay this litigation during the pendency of a reexamination proceeding before the Patent and Trademark Office ("PTO"). For the following reasons, both motions are granted.

## BACKGROUND

This case was initially filed by a company called Techsearch, LLC, on July 28, 2000. The complaint contained a claim of patent infringement against Defendants Internet Entertainment Group Inc., Ed Napleton Acura, Gregory Aharonian, and the Green Bay Packers in violation of 35 U.S.C. § 271(a). At that time, Techsearch owned U.S. patent No. 5,253,341, which claimed an improved method and apparatus for downloading compressed audio and visual data as well as other graphical information from a remote server to an end user station ("EUS") for the purpose of decompressing and displaying the data. In its complaint, Techsearch asserted that Defendants infringed its patent by downloading responsive data, including compressed audio/visual and graphical data, on their respective websites. Defendants were also accused of knowingly and intentionally inducing third parties to infringe Techsearch's patent in violation of 35 U.S.C. § 271(b) and (c).

Subsequently, an anonymous requester initiated a reexamination procedure of the patent before the PTO. Rather than keeping the case open while the reexamination ran its course, Techsearch requested and obtained dismissal of its complaint with leave to reinstate the case if the reexamination was resolved in its favor. Eventually, the Board of Patent Appeals cancelled the 16 claims of the original patent and declared a new

claim, claim 17, patentable (U.S. Patent No. 5,253,341 C1, hereinafter referred to "the '341 patent").

According to the motion to reinstate, on January 25, 2005, Techsearch assigned the patent to Global Patent, its parent company. On August 8, 2007, Global Patent sued CDW Corporation and Motorola, Inc., in *Global Patent Holdings v. CDW Corp.*, case No. 07 C 4476. As Techsearch had asserted in the complaint in this case, Global Patent claimed CDW and Motorola infringed the '341 patent by downloading responsive data, including compressed audio/visual and graphical data, on their respective websites. The downloading method utilized both an EUS and a server, with asymmetric processing power capacities and involving compression and inverse decompression techniques requiring less processing power. Furthermore, the complaint argued that these two defendants had knowingly and intentionally induced third parties to infringe the '341 patent. The case was assigned to Judge Norgle. Thus far, CDW and Motorola have answered the complaint and moved to stay the proceedings pending the reexamination that has also prompted the pending motion to stay in this case. No discovery has yet been conducted in the case before Judge Norgle.

On September 10, 2007, Techsearch moved to reinstate the case before this court. We granted Techsearch's motion on October 11 and permitted it to file an amended complaint that substituted Global Patent as the plaintiff, dropped Defendants Aharonian

and Internet Entertainment, and added six new defendants. Global Patent then moved to reassign case no. 07 C 4476 to this court on the ground that it is related to this case. Shortly thereafter, Defendants moved to stay the proceedings in this case pending the outcome of the second reexamination procedure before the PTO.

## DISCUSSION

### I. Motion to Reassign

In the Northern District of Illinois, cases are assigned to a district judge at random. LR 40.1. This system can lead to situations in which two or more cases that are closely related will be assigned to different judges. In such an instance, LR 40.4 provides a mechanism whereby parties can request that the later-filed case be reassigned to the judge who is presiding over the lower-numbered, and thus earlier-filed, case. The rule promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common. To obtain reassignment of a case, a movant must first show that the case to be reassigned is related to a previously filed case and then demonstrate that reassignment would promote efficient use of judicial resources. Global Patent invokes LR 40.4 in support of its request for reassignment. CDW is the only defendant to oppose the reassignment.

As a threshold matter, CDW challenges the premise that this case is properly considered earlier-numbered and thus first-filed. In the 2003 dismissal, we granted

Techsearch leave to reinstate this case if it prevailed in the patent reexamination. According to CDW, Global Patent previously disavowed any connection to Techsearch, and CDW insists that only a case with Techsearch as the plaintiff can have the benefit of the 2000 filing date.

To support its contention that Global Patent is a stranger to this case, CDW points to a declaratory judgment action filed in the District of Nevada in 2007. In a declaration filed to dispute personal jurisdiction in Nevada, Anthony O. Brown, president of Global Patent, stated that Global Patent had no "current ownership or other interest in, or an affiliation with, TechSearch." Contrary to CDW's position, the declaration also states that in January 2000, Techsearch was both a subsidiary of Global Patent and the owner of the '341 patent.[1] In addition, on January 25, 2005, Techsearch LLC, at the time still a subsidiary of Global Patent, assigned the '341 patent to its parent Global Patent. The ownership of the patent resulting from the assignment would make Global Patent the real party in interest for purposes of this case as it is presently postured. Fed. R. Civ. P. 17(a). Furthermore, CDW's argument ignores the fact that Techsearch, not Global Patent, moved to reinstate the case on September 10, 2007. Global Patent was substituted as the plaintiff only after the case had been reinstated by

---

[1] Declaration of Anthony O. Brown, Doc. 15, Ex. A, *Zappos.com, Inc., v. Global Patent Holdings, L.L.C.,* case no. 2:07-cv-01726-RCJ-GWF (D. Nev.).

the originally filing plaintiff. Thus, this case is the earlier filed, and if the requirements of LR 40.4 are satisfied, the case before Judge Norgle should be reassigned to this court.

*A. Factors Pertaining to Relatedness*

To be deemed related, two cases must satisfy at least one of the four criteria laid out in Rule 40.4(a): the cases share some issues of fact or law; they involve the same property; each grows out of the same transaction or occurrence; or they involve one or more of the same classes if the motion is made in the context of multiple class action suits. Here, Global Patent contends that the first two criteria are present.

To counter Global Patent's position that the two cases satisfy the first criterion, CDW emphasizes differences between the various defendants, such as the nature of their respective businesses. However, two cases need not be absolutely identical to be related for purposes of LR 40.4. *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277, *2 (N.D. Ill. Nov. 25, 2002). If some of the same issues of fact or law are common, that can be sufficient to establish relatedness. Here, Global Patent's two complaints share a factual foundation in the form of the assertions that the various Defendants' websites downloaded or induced others to download responsive data, including JPEG images and other compressed audio/video and graphical data. Furthermore, CDW's answer and asserted affirmative defenses are almost indistinguishable from those of the Green Bay Packers, who are already a defendant in

the case before us. Consequently, we conclude that this case and case no. 07 C 4476 are related within the meaning of LR 40.4(a).

Global Patent also contends that the cases satisfy the second criterion in that they both involve the same property. CDW hotly contests the argument that the word "property" as used in this portion of the rule necessarily applies to intellectual property with the same force that it would to tangible items. Cases in this district have found that a claim that infringement cases are not necessarily related simply because the same patent is alleged to have been infringed in both cases. *See, e.g.*, *Magnavox Co. v. Electronics, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 29, 34 (N.D. Ill. 1980). However, our conclusion as to the similarity of facts and law within the two cases distinguishes this case from those upon which CDW relies to contend that the assertion of common property is not enough in this case.

Accordingly, we turn our attention to the four factors contained in LR 40.4(b).

B. *Factors Pertaining to Judicial Efficiency*

Even if two cases are found to be related, the moving party must also meet each of four criteria specified in LR 40.4(b) before a case will be reassigned. First, both cases must be pending in this district. Second, a substantial savings of judicial time and effort must be likely to result from the reassignment of the cases to a single judge.

Third, the earlier-filed case must be at a point where designating a later-filed case would not be likely to substantially delay the proceedings in the earlier case. Finally, the cases must be susceptible to disposition in a single proceeding.

We need look no further than to the respective dockets to conclude that the first and third conditions of LR 40.4(b) are satisfied. Both cases are pending in the Northern District of Illinois. Furthermore, thanks to the 2003 dismissal, this case has not progressed to the point where treating the two cases as related would be likely to substantially delay the proceedings; no discovery has been conducted and little judicial effort has been expended thus far.

With respect to the second and fourth conditions, Global Patent, as the moving party, bears the burden of indicating "the extent to which the conditions required by section (b) will be met if the cases are found to be related." LR 40.4(c)(2). On the second factor, Global Patent states that duplicative treatment of claim construction will result in unnecessary consumption of judicial time, effort, and cost. In addition, it asserts that extra time and expense can be avoided by a single resolution of invalidity and inequitable conduct defenses. According to Global Patent, reassignment will also likely result in judicial efficiency in that only one round of depositions will take place for the parties, third party inventors, the prosecuting attorneys, and any potential prior art witnesses or companies. These assertions do not shed much light on how the

handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. Rather, the content of Global Patent's argument focuses on the potential for duplication in necessary work and resource expenditure by the parties, which may have little impact on the amount of court resources that will be required. For example, with respect to claim construction, a decision construing the claims in either case could be applied to the case in which claims had not yet been construed.

With regard to the fourth condition, Global Patent highlights the likely number of summary judgment motions and evidence provided in support thereof, such as graphical designs or testimony related to the background of the patented invention. Though there is more to a consideration of the fourth prong than Global Patent's narrow focus would imply, a review of the pleadings in conjunction with the parties' submissions on this motion convinces this court that both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment, or trial.

CDW argues that Global Patent provided only conclusory statements as to how reassignment will result in savings of judicial time and effort, which is true with respect to the initial filing in support of the motion. Many of the points discussed above appear only in Global Patent's reply, and the considerations Global Patent has offered bear

more upon time and cost savings to the parties than the impact on the court. We emphatically do not endorse a practice of filing underdeveloped motions or saving the bulk of a party's arguments for presentation in a reply brief. It is well settled that parties engaging in either practice run a very real risk of forfeiting otherwise meritorious arguments. However, as the reassignment mechanism is primarily concerned with judicial efficiency, we will not force the parties to engage in the same exercise in the form of a renewed, better presented motion. We are convinced based on our own examination of the two cases, combined with the information the parties have supplied, that the cases are fundamentally similar, and the motion to reassign case no. 07 C 4476 is therefore granted.

## II.  Motion to Stay

The second motion under consideration asks us to stay the proceedings in this case, and ostensibly those in the reassigned case, pending the outcome of the reexamination proceeding for claim 17 of the '341 patent. District courts have broad discretion to control their dockets using techniques such as stays of proceedings, provided a stay is not indefinite or otherwise excessive. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983).

Global Patent contends that the PTO has already contributed its expertise to this matter via the first reexamination proceeding and thus there is little to be gained from

waiting for the second to run its course. However, as Defendants point out, claim 17 was not in the original patent but was added by amendment during the previous reexamination. The previous reexamination thus functioned as an original examination of that claim rather than a reexamination of a previous stamp of approval, as was the case with the original 16 claims. Moreover, because the reexamination was conducted *ex parte*, there could be no participation from anyone other than GPH when claim 17 was being examined. Accordingly, the association of claim 17 with the prior reexamination did not result in the same application of the PTO's expertise on patentability that is available for the original 16 claims that were rejected.

No discovery has been conducted and little judicial effort has been expended in either of the cases now before us. Though we are mindful that four years was consumed in waiting for the result of the reexamination of the original 16 claims, a significant amount of time and effort in claim construction and other litigation would have been wasted if we had forged ahead without the benefit of the PTO's examination (and subsequent rejection) of those claims. Also, the fact that this examination will focus on a single claim makes it unlikely that a similar amount of time will be spent in reaching resolution of the new reexamination. The questions of validity, patentability, and claim content are common to the issues before this court and before the PTO, so the more

prudent course of action is to stay these cases while the reexamination proceeds. Defendants' motion requesting that relief is therefore granted.

## CONCLUSION

Based on the foregoing analysis, Global Patent's motion to reassign is granted, as is the Defendants' motion to stay.

_____
Charles P. Kocoras
United States District Judge

Dated:  April 23, 2008